UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

THU ANH LE,
MICHELLE LE

           Plaintiff(s),

vs.

DANIEL K. DIEHL,
HUNG V. NGUYEN

           Defendant(s)

)
)
)
)
)
)
)
)
)
)
)

C: 16CV5253
   JUDGE ELLIS
A MAG. JUDGE ROWLAND

Designated
Magistrate Judge

**FILED**

MAY 1 6 2016

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## COMPLAINT

Pursuant to F.R.C.P. 20, the Plaintiffs, Thu Anh Le and Michelle Le, join together to file this negligence cause of action against the Defendants, Daniel K. Diehl and Hung V. Nguyen, respectfully allege as follows:

## NATURE OF THE CASE

1.    This is a civil action for personal injuries suffered by Plaintiffs Thu Anh Le and Michelle Le (collectively "Plaintiffs") against Defendants Daniel K. Diehl and Hung V. Nguyen (collectively "Defendants") jointly and severally. This action arises out of a vehicle collision on May 19 2014 at the intersection of U.S. Route 41, presently Interstate 41, and Delany Road (I-41/Delany) in Gurnee, Illinois, in which a vehicle operated by Defendant Diehl collided with Defendant Nguyen's vehicle in which Plaintiffs Thu Anh Le and Michelle Le were passengers. The Defendants' negligence were the direct and proximate cause of Plaintiffs' injuries.

## PARTIES

2.    Plaintiff, Thu Anh Le, is an individual and citizen of the state of California.

3. Plaintiff, Michelle Le, is an individual and citizen of the state of California.

4. Defendant Daniel K. Diehl is an individual and citizen of the state of Illinois.

5. Defendant Hung V. Nguyen is an individual and citizen of the state of Wisconsin.

## VENUE AND JURISDICTION

6. This Court has original jurisdiction over this action under 28 U.S.C. § 1332, in that the amount of controversy for each Plaintiff exceeds seventy five thousand dollars ($75,000) and Plaintiffs are citizens of states which are different from the states where Defendants are citizens.

7. Venue is proper in this district under 28 U.S.C. § 1391(b), because the collision occurred in Lake County, which falls within the jurisdiction of this Court. Further, the Gurnee Police conducted an investigation at the scene of the collision, Defendant Diehl, who was cited for a failure to yield related to this collision, resides in Lake County, and any potential witnesses to the collision are likely to be located in Lake County.

### First Count - Negligence
### Hung V. Nguyen, Jointly and Individually

8. Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully set forth herein.

9. On or about May 19, 2014, Plaintiffs were passengers in a 2014 Green Toyota FJ Cruiser, with Wisconsin license plate number 780UYD (Cruiser), owned and operated by Defendant Nguyen.

10. On or about May 19, 2014, Defendant Diehl owned and operated a 2011 Silver Toyota Camry, with Illinois license plate number 3768664 (Camry).

11. On or about May 19, 2014, while Plaintiffs were lawful passengers in the Cruiser operated by Defendant Nguyen, who was driving northbound along and upon Interstate 41 at or near Delany Road, within the Village of Gurnee, County of Lake and State of Illinois.

12.     At that time and place, Defendant Nguyen owed a duty of reasonable care to exercise due care and caution in the operation of his vehicle having due regard for the traffic and use of the roadway in order to avoid colliding with, striking or contacting other vehicles.

13.     At that time and place, Defendant Nguyen, having already witnessed two southbound vehicles making a left turn onto Delany Road while the light was yellow, attempted to beat the red light by accelerating his vehicle in excess of 70 mph and entered into the I-41/Delany intersection when it was unsafe to do so.

14.     At that time and place, Defendant Nguyen, disregarded the red light and failed to keep a proper lookout for vehicles in the intersection when he could and should have been seen in time to avoid the collision, when Defendant Diehl's vehicle violently collided into the driver side of Defendant Nguyen's vehicle causing it to roll over multiple times before coming to a complete stop.

15.     Defendant Nguyen was then and there guilty of one or more of the following negligent acts or omissions:

> a.  He failed to keep a proper and safe lookout for southbound traffic on Interstate 41, making a left turn onto Delany Road;
>
> b.  He failed to stop at the intersection of Interstate 41 and Delany Road, as he was operating his vehicle at a high and dangerous rate of speed for the prevailing traffic conditions in violation of 625 ILCS 5/11-601(a);
>
> c.  He failed to stop at the I-41/Delany intersection, as he operating his vehicle in excess of the posted speed limit in violation of 625 ILCS 5/11-601(b) & (d);
>
> d.  He failed to stop at the I-41/Delany intersection, as he was operating his vehicle in excess of the statutory maximum speed limit in violation of 625 ILCS 5/11-601(b) & (d);
>
> e.  He disregarded the traffic control signal and entered the I-41/Delany intersection against a red light, in violation of 625 ILCS 5/11-306(c);

f.  He entered the I-41/Delany intersection at a speed that was not safe under conditions at the time in violation of 625 ILCS 5/11-601(a);

g.  He entered the I-41/Delany intersection at a speed in excess of the statutory maximum speed limit in violation of 625 ILCS 5/11-601(b) & (d); and

h.  He failed to keep his automobile under control so as to avoid a collision.

16.  As a direct and proximate result of one or more or a combination of all of the negligent acts or omissions of Defendant Nguyen, Plaintiffs' were thrown about the inside of their vehicle and sustained great and severe personal injuries, external and internal, to various parts of his body and limbs. Further, Plaintiffs' were hospitalized and incurred substantial medical and hospital expenses, and they will incur future medical expenses. These injuries rendered the Plaintiffs' unable to perform their daily work and affairs whereby they were deprived of earnings to which they might have otherwise been entitled. These injuries caused the Plaintiffs' to experience great pain, anguish and physical and mental suffering, and they will continue to so suffer for the rest of their life for those permanent injuries which they incurred. The Plaintiffs' also sustained the loss of his enjoyment of a normal life.

## Second Count – Punitive Damages
## Hung V. Nguyen, Individually

17.  Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully set forth herein.

18.  Defendant Nguyen, had a least four seconds from his proximity to the I-41/Delany intersection at the start of the intersection's yellow light and prior to entering the intersection.

19.  Defendant Nguyen, travelling in excess of posted speed limit, was at least 380 feet away from the I-41/Delany intersection when the intersection's light turned yellow.

20. Defendant Nguyen was then and there guilty of one or more of the following willful and wanton acts or omissions:

    a. Defendant Nguyen knew prior to deciding to beat the red light and accelerating his vehicle without regard to the speed limit could and would cause great bodily injury and other damages to Plaintiffs. Defendant Nguyen with said knowledge consciously and willful choose to disregard the speed limit and as a result caused the injuries to the Plaintiffs;

    b. Defendant Nguyen, with an unobstructed view of the I-41/Delany intersection, observed two southbound vehicles starting and completing their left turn onto Delany Road while the light was yellow and yet continued his pace to beat the red light even though he observed Defendant Diehl starting his left turn onto Delany Road when the light turn yellow; and

    c. Defendant Nguyen, knew prior to running the red light that in doing so could and would cause great bodily injury and other damages to Plaintiffs. Defendant Nguyen with said knowledge consciously and willful choose to enter the I-41/Delany intersection against the red light that was observable from three points of the intersection and as a result caused the injuries to the Plaintiffs.

21. The conduct of the Defendant Nguyen described herein constituted a willful and wanton disregard for the rights of the Plaintiffs and gross negligence. Defendant Nguyen is liable to Plaintiffs for punitive damages as a result of such conduct.

### Third Count - Negligence
### Daniel K. Diehl, Jointly and Individually

22. Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully set forth herein.

23. On or about May 19, 2014, Defendant Diehl was driving southbound along and upon Interstate 41 at or near Delany Road, within the Village of Gurnee, County of Lake and State of Illinois.

24. At that time and place, Defendant Diehl, with the intent of making a left turn onto Delany Road approached the I-41/Delany intersection without engaging his left turn signal.

25. At that time and place, Defendant Diehl owed a duty of reasonable care to exercise due care and caution in the operation of his vehicle having due regard for the traffic and use of the roadway in order to avoid colliding with, striking or contacting other vehicles.

26. At that time and place, Defendant Diehl, being the third vehicle in line to enter the intersection to make a left turn onto Delany Road, attempted to beat the red light by accelerating his vehicle into the I-41/Delany intersection in order to make a left turn onto Delany Road when it was unsafe to do so.

27. Defendant Diehl was then and there guilty of one or more of the following negligent acts or omissions:

      a. He failed to keep a proper and safe lookout for northbound traffic on Interstate 41;

      b. He failed to signal his left turn onto Delany Street in violation of 625 ILCS 5/11-804(a) & (b);

      c. He failed to yield to Defendant Nguyen's vehicle in violation of 625 ILCS 5/11-902;

      d. He entered the I-41/Delany intersection at a speed that was not safe under conditions at the time in violation of 625 ILCS 5/11-601(a);

      e. He failed to stop his vehicle in time to avoid a collision, although a collision was imminent, and where he had ample time and opportunity to avoid it;

      f. He drove his vehicle without sufficient brakes; or in the alternative, if such brakes were adequate, failed to apply such brakes so as to control the speed of his vehicle and to avoid the aforesaid collision;

      g. He failed to keep his automobile under control so as to avoid a collision.

28.    As a direct and proximate result of one or more or a combination of all of the negligent acts or omissions of Defendant Diehl, Plaintiffs' were thrown about the inside of their vehicle and sustained great and severe personal injuries, external and internal, to various parts of his body and limbs. Further, Plaintiffs' were hospitalized and incurred substantial medical and hospital expenses, and they will incur future medical expenses. These injuries rendered the Plaintiffs' unable to perform their daily work and affairs whereby they were deprived of earnings to which they might have otherwise been entitled. These injuries caused the Plaintiffs' to experience great pain, anguish and physical and mental suffering, and they will continue to so suffer for the rest of their life for those permanent injuries which they incurred. The Plaintiffs' also sustained the loss of his enjoyment of a normal life.

### Fourth Count – Punitive Damages
### Defendant Diehl, Individually

29.    Plaintiffs incorporate by reference all preceding paragraphs of this Complaint as if fully set forth herein.

30.    Defendant Diehl, entered the I-41/Delany intersection after at least four seconds that elapsed at the start of the intersection's yellow light.

31.    Defendant Diehl, with an unobstructed view of the I-41/Delany intersection, observed Defendant Nguyen's vehicle approaching the intersection at a high rate of speed with no indication of slowing down to a stop;

32.    Defendant Diehl was then and there guilty of one or more of the following willful and wanton acts or omissions:

a.    Defendant Diehl knew prior to deciding to beat the red light and accelerating his vehicle could and would cause great bodily injury and other damages to Plaintiffs. Defendant Diehl with said knowledge consciously and willful choose to disregard the traffic signal and as a result caused the injuries to the Plaintiffs; and

b. Defendant Diehl, knew prior to attempted to complete his left turn onto Delany Road with Defendant Nguyen's rapidly approaching vehicle could and would cause great bodily injury and other damages to Plaintiffs. Defendant Diehl with said knowledge consciously and willful choose to complete his left turn onto Delany Road and as a result caused the injuries to the Plaintiffs.

33. The conduct of the Defendant Diehl described herein constituted willful and wanton disregard for the rights of the Plaintiffs and gross negligence. Defendant Diehl is liable to Plaintiffs for punitive damages as a result of such conduct.

## DEMAND FOR A JURY TRIAL

Plaintiffs hereby demand a jury trial as to all issues so triable as a matter of right, pursuant to F.R.C.P. 38(b)(1) and 38(c).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand upon Defendants:

a. actual, compensatory and statutory damages;

b. punitive damages as allowed by law;

c. pre and post-judgment interest as allowed by law;

d. injunctive relief;

e. an award of attorneys' fees as allowed by law;

f. an award of taxable costs; and

g. any and all such further relief as this Court deems just and proper.

By: _____

Thu Anh Le,
In Pro Se
10591 Linnell Avenue
Garden Grove, CA 92843
714-260-4283
thuanhlecase@outlook.com

By: *Michelle*

Michelle Le,
In Pro Se
2490 West Chanticleer Road
Anaheim, CA 92804
920-265-3972
michellelecase@outlook.com


Date: May 10, 2016