UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| THU ANH LE, MICHELLE LE | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff(s), | ) | No. 16 cv 5253 |
|  | ) | Judge Sara Ellis |
| vs. | ) |  |
|  | ) |  |
| DANIEL K. DIEHL, HUNG V. NGUYEN | ) |  |
|  | ) |  |
| Defendant(s) | ) |  |
|  | ) |  |

**PLAINTIFF'S RESPONSE TO DEFENDANT DIEHL'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Plaintiffs Thu Anh Le and Michelle Le, by their attorney, David P. Rimi, in opposition to Defendant's Diehl's Motion to Dismiss under Rule 12(b)(l). The Plaintiffs contend they have they have alleged sufficient facts in their Complaint to support the reasonable probability of damages exceeding the Amount in Controversy requirement of $75,000.

## I.  INTRODUCTION

The Defendant mischaracterizes the Plaintiffs' Complaint as a straightforward motor vehicle negligence personal injury case, the value which is less than $75,000.

On the contrary, Plaintiffs' case involves a red light violation that caused a high impact collision with Plaintiffs' vehicle. The multiple rollover of Plaintiffs' vehicle, which sustained over $50,000 in damages (See Exhibit 1), resulted in sprained necks to the Plaintiffs, a concussion to one Plaintiff and a sprained wrist and contusions to the face, scalp, and neck of the other Plaintiff.

Furthermore, Plaintiffs' action alleges multiple aggravating acts by Defendant Nguyen that collectively amount to reckless willful and wanton conduct that allows jury consideration for award of punitive damages.

1

## II.     LEGAL STANDARD FOR 12(B)(1) MOTION TO DISMISS

A motion to dismiss under Rule 12(b)(1) challenges the Court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The party asserting jurisdiction has the burden of proof. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003), overruled on other grounds by *Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845 (7th Cir. 2012). The standard of review for a Rule 12(b)(1) motion to dismiss depends on the purpose of the motion. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443–44 (7th Cir. 2009).

If a defendant challenges the sufficiency of the allegations regarding subject matter jurisdiction (a facial challenge), the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor. See id.; *United Phosphorus*, 322 F.3d at 946.  If, however, the defendant denies or controverts the truth of the jurisdictional allegations (a factual challenge), the Court may look beyond the pleadings and view any competent proof submitted by the parties to determine if the plaintiff has established jurisdiction by a preponderance of the evidence. See *Apex Digital*, 572 F.3d at 443–44; *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006).

The plaintiff need not show that "he will prevail or collect more than $75,000 if he does.  The burden, rather, is to show what the plaintiff hopes to get out of the litigation; if this exceeds the jurisdictional amount, then the case proceeds in federal court unless a rule of law will keep the award under the threshold." *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815-16 (7th Cir. 2006).

Plaintiffs will treat Defendant's motion as a factual challenge since the motion attempts to introduce Plaintiffs' settlement demands and medical records in support of Defendant's assertion that Plaintiffs allegations and basis for damages are not sufficient to show that it is reasonably probable that damages will exceed $75,000.

# III. ARGUMENT

## A. Defendant's Motion To Dismiss Should Be Denied Because Plaintiffs have Sufficiently Plead Causes of Action, and None of Defendant's Substantive Arguments Defeat Them

### 1. Defendant's Factual Assertions to Counter Plaintiff's Sufficiently Alleged Facts of Negligence Cannot Support a Dismissal

The Defendant, in its motion, attempts to minimize the potential award of damages to the Plaintiffs by asserting only the following to support its opinion that neither of the Plaintiffs claims for damages will exceed $75,000:

Neither Plaintiff was "admitted to a hospital, suffered any fractures or significant and permanent injuries, and neither Plaintiff is currently under the care of a medical doctor for any claimed injuries from the accident. Rather, both of the Plaintiffs presented with "soft tissue" or "whiplash" type injuries, and the majority of their special damages claimed are for unpaid chiropractor bills." (Def.'s MTD ¶¶ 2, 10, 13);

The medical specials of Thu Anh Le and Michelle Le are $18,565.90 and $11,770.20, respectively. (Def.'s MTD ¶¶ 2, 13); and

"Any experienced attorney that practices regularly in the area of personal injury litigation would not view this as a case presenting a reasonable likelihood of a damages award in excess of $75,000.00." (Def.'s MTD ¶ 18)

Defendant, while making these observations, conveniently offers no calculations or weight with regards to Plaintiffs' claim for compensatory damages such as, pain and suffering, emotional distress and loss of normal life.

Therefore, the Defendant attempts to shift valuation analysis to this court between the plaintiff medical specials and the amount in controversy.

### a) Defendant's Assertion That, Under Illinois Law, Plaintiffs Have the Burden of Providing the Reasonableness and Necessity of These Medical Expenses, and an Unpaid Medical Bill is Not Presumed to be Reasonable is Unfounded

Defendants incorrectly interprets *Wills v. Foster,* 229 Ill.2d 393 (Ill. 2008) and *Klesowich v. Smith,* 2016 IL App (1st) 150414, 52 N.E. 3d 365 (1st Dist. 2016) for the purposes of this motion that the Plaintiffs have a burden to show the reasonableness and necessity of medical expenses. (Def.'s MTD ¶¶ 9). Simply stated, those cases centered around the Collateral Source Rule and whether a jury can hear evidence regarding payment of medical expenses from collateral sources.

      **b)**      **Defendant's Assertion That Neither Plaintiffs Are Currently Under The Care of a Medical Doctor For Any Claimed Injuries From the Accident is Not Entirely Accurate.**

The plaintiff are prepared to testify that from the time of the accident until the present, they have being uninsured; that they do not have the financial resources to afford seeking medical help to address their physical and emotional ailments; that they have been unable to find medical providers to treat them under a medical lien and that if insurance coverage were available to them, they would have taken advantage of it immediately.

      **c)**      **Defendant's Assertion That ANY Experienced Attorney That Practices Regularly in the Area of Personal Injury Litigation Would Not View This Case as Presenting a Reasonable Likelihood of a Damages Award in Excess of $75,000.00 is Unsupported.**

Aside from the fact that the Defendant has not proffered any affidavits from expert witnesses in the field of personal injury evaluation or jury awards, there is one case on point that demonstrate that it is reasonably likely that a damage award of $75,000 is possible.

In *Sylvia v. Kidane Kuentu,* No. 2011-L-005266 (Cook County, Ill.), a defendant ran a red light and collided with the plaintiff at the intersection. While the plaintiff received treatment at an emergency room and then later received chiropractic/physical therapy, the only medical evidence submitted by the plaintiff for her care and treatment was the emergency room treatment and the chiropractic/physical therapy in the amount of $19,487. The Ad Damnum amount was 50,001.00. The Cook County jury returned a verdict $74,487,

which accounted for the aforementioned medical expenses, $27,000 for pain and suffering and $27,000 for loss of normal life.

Therefore, given that the Plaintiffs' case is very much similar to the *Castillo* case, which nearly reached the amount in controversy notwithstanding the fact that the *Castillo* case did not allege future medical expenses and punitive damages, it is reasonably plausible that the Plaintiffs' case can warrant a higher jury award and thus satisfy Amount in Controversy requirement.

    **d)**   **Plaintiffs Contends That The Allegations in its Complaint of Negligence Alone Sufficiently Demonstrates That the Damages Claimed Exceeds the Amount in Controversy Requirement**

The Plaintiffs have made a well-pleaded complaint alleging that they were in Defendant Nguyen's vehicle traveling in excess of 70 mph when he entered the intersection against a red light before colliding with Defendant Diehl's vehicle. (Compl. ¶¶ 13, 14) (See Exhibit 1, Photo 4); That the vehicles collided with such force that it caused Defendant Nguyen's vehicle to roll over multiple times, as Plaintiffs' were thrown about the inside of their vehicle before coming to a complete stop (Compl. ¶¶ 13, 14, 16) (See Exhibit 2, Photos 5 through 8; Exhibit 3).

 That the Plaintiffs' sustained great and severe personal injuries, external and internal, to various parts of his body and limbs they (Exhibits 4, 5); they were hospitalized and incurred substantial medical and hospital expenses, and they will incur future medical expenses; and these injuries rendered the Plaintiffs' unable to perform their daily work and affairs whereby they were deprived of earnings to which they might have otherwise been entitled." (Compl. ¶ 16)

That Plaintiffs' injuries caused great pain, anguish and physical and mental suffering and they will continue to so suffer for the rest of their life for those permanent injuries which they incurred and sustained the loss of their enjoyment of a normal life. (Compl. ¶ 16)

The Plaintiffs intend to submit, at trial, a video captured by the Redflex Red Light Camera System of the collision in question. Exhibit 2 are extracted photos of which should illustrate the catastrophic collision between the vehicles would reasonably lend itself to the damages claimed by the plaintiffs.

Accordingly, we submit to the court that based upon what has been plead in the complaint, the attached exhibits 1 to 5, the settlement demand of Plaintiffs' Thu Le and Michelle Le in the amount of $175,000 and $125,000, respectively, their medical reports and the results of one jury award in Cook County Illinois in the amount of $74,487 that the court should fine that it is reasonably plausible that a jury may find the award in excess of the amount in controversy requirement of $75,000.

  **2. Defendant's Factual Assertions to Counter Plaintiff's Sufficiently Alleged Facts of Willful and Wanton Misconduct Cannot Support a Dismissal**

    **a) Defendant's Position is that Plaintiffs' Claim of Punitive Damages is Essential to Meeting the Amount in Controversy Requirement Without Any Assessment of the Total Value of Plaintiffs' case**

As clearly stated above, the plaintiffs contend that its punitive damages claim is not the essential to meet the Amount in Controversy requirement. Nonetheless, Plaintiffs would like to distinguish the two cases cited by the defendant and an outdated 25 year old treatise.

The Defendant cites *Kenebrew v. Connecticut Gen. Life Ins. Co.,* 882 F. Supp. 749, 752 (N.D. Ill. 1995) and *Racich v. Mid Continent Builders Co.,* 755 F. Supp. 228, 229 (N.D. Ill. 1991) to support its contention that one must show extraordinary or exceptional circumstances to justify an award for punitive damages (Def.'s MTD ¶¶ 15, 16). However, those cases are clearly distinguishable because they involve matters of contracts. And while Illinois courts may take a rather dim view of punitive damages under contract law, it is certainly not the case under tort law whereby the standard is not showing extraordinary or exceptional circumstances but, among the other items, willful and wanton misconduct.

The Defendant references Russel L. Wald, *Punitive Damages in Motor Vehicle Accident Litigation,* 17 Am. Jur. Proof of Facts 3d 311 (Originally published in 1992) to support its contention that punitive damages are no doubt the exception and not the rule in motor vehicle accident cases. Plaintiffs doubts the relevancy of a 25 year-old treatise. And, a search within the entire federal court system including, this District Court, and on the Illinois state courts reveals no reference to this body of work.

    **b) If This Court Finds That Plaintiffs' Claim for Punitive Damages is Essential to Meeting the Amount in Controversy, The Plaintiffs' Satisfy The Two-Part Test to Determine Whether Punitive Damages May Be Used to Satisfy The Jurisdictional Amount in a Diversity Case**

The Seventh Circuit has established a two-part test to determine whether punitive damages may be used to satisfy the jurisdictional amount in a diversity case. "The first question is whether punitive damages are recoverable as a matter of state law. If the answer is yes, the court has subject matter jurisdiction unless it is clear 'beyond a legal certainty that the plaintiff would under no circumstances be entitled to recover the jurisdictional amount.'" *Cadek v. Great Lakes Dragway, Inc.*, 58 F.3d 1209, 1211-12 (7th Cir. 1995) (quoting *Risse v. Woodard*, 491 F.2d 1170, 1173 (7th Cir. 1974)).

Plaintiffs satisfy both parts of the two-step inquiry. First, Illinois entitles an injured party to punitive damages where the conduct bringing about the harm is willful and wanton or outrageous or where the defendant acted with actual malice, fraud, deliberate violence or gross negligence. *Loitz v. Remington Arms Co.,* 138 Ill. 2d 404 (1990), 735 ILCS 5/2-604.1.

Second, the amount required to satisfy the Amount in Controversy requirement cannot exceed what is allowable by law. That is, the Supreme Court has set constitutional limits on the ratio of punitive damages to compensatory damages that may permissibly be awarded. *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 410 (2003). And while there is no precise mathematical formula to determine an appropriate ratio, "single-digit

multipliers are more likely to comport with due process." *Philip Morris USA v. Williams*, 549 U.S. 346, 351 (2007) (citing State Farm, 538 U.S. at 425).

At the very worst, looking at only the medical specials of Plaintiffs Thu Anh Le ($18,565.90) and Michelle Le ($11,770.20) without any compensation for general damages, Plaintiff Thu Anh Le would need a multiplier of 3.03 and Plaintiff Michelle Le would need a multiplier of 5.4 to satisfy the Amount in Controversy requirement. Both meeting the single digit multipliers and likely to comport with due process. Of course, these multipliers will be much less once the computations of general damages are factored in.

        **c)**        **The Plaintiffs Have Alleged and Provided Competent Proof of Reckless Willful and Wanton Conduct by Defendant Nguyen and, to a lesser degree, Defendant Diehl**

In Illinois, there is no separate and independent tort of willful and wanton misconduct. *Krywin v. Chicago Transit Authority*, 238 Ill. 2d 215, 345 Ill. Dec. 1, 938 N.E.2d 440 (2010). Instead, it is a "hybrid between acts considered negligent and those found to be intentionally tortious." *Krivitskie v. Cramlett,* 301 Ill.App.3d 705, 235 Ill.Dec. 384, 704 N.E.2d 957, 959 (Ill.App.Ct.1998*)*.

To properly plead willful and wanton misconduct, plaintiffs must essentially plead the elements of a negligence count, as well as an allegation of either intentional or reckless willful and wanton conduct. *Kirwan v. Lincolnshire-Riverwoods Fire Protections Dist.,* 349 Ill.App.3d 150, 285 Ill.Dec. 380, 811 N.E.2d 1259, 1263 (Ill.2004).

Intentional willful and wanton conduct occurs when one undertakes an action with actual or deliberate intent to harm, while reckless willful and wanton conduct requires "an utter indifference to or conscious disregard for the welfare of the plaintiff." *Id.* The "utter indifference" or "conscious disregard" may be inferred from the outrageous nature of the individual's conduct. See, e.g., *American National Bank*, 192 Ill.2d at 285, 248 Ill.Dec. 900, 735 N.E.2d 551 (inferring reckless disregard where there was "a failure, after knowledge of

impending danger, to exercise ordinary care to prevent it" or "a failure to discover [a] danger through recklessness or carelessness when it could have been discovered by the exercise of ordinary care.") (internal citations omitted).

Allegations that defendant motorist drove at excessive rate of speed in rain and did so while exhibiting utter indifference to or conscious disregard for his safety and safety of others sufficiently alleged willful and wanton conduct. Krivitskie v. Cramlett, 301 Ill. App. 3d 705, 708-09 (2d Dist. 1998). The Krivitskie court noted "'it is the exceptional case wherein it can be said that the question of willful and wanton misconduct on the part of a driver is not a question of fact for the jury.'" Id. at 709, quoting Hatfield v. Noble, 41 Ill. App. 2d 112, 119 (1963).

Plaintiffs' incorporated the facts with respect to the First Count of Negligence (Compl. ¶¶ 12-16). Furthermore, Plaintiffs' have plead the following to demonstrate Defendant Nguyen's reckless disregard:

Defendant Nguyen, had a least four seconds from his proximity to the I-41/Delany intersection at the start of the intersection's yellow light and prior to entering the intersection. (Compl. ¶ 18) (See Exhibit 2, Photos 1, 4). Defendant Nguyen, with an unobstructed view of the I-41/Delany intersection, observed two southbound vehicles starting and completing their left turn onto Delany Road while the light was yellow (Compl. ¶ 20) (See Exhibit 2, Photos 2, 3) and yet continued his pace to beat the red light even though he observed Defendant Diehl starting his left turn onto Delany Road. (Compl. ¶ 20) (See Exhibit 2, Photo 4); and Defendant Nguyen entered the I-41/Delany intersection against the red light that was observable from three points of the intersection and as a result caused the injuries to the Plaintiffs. (Compl. ¶ 20) (See Exhibit 2, Photos 4 - 8)

Therefore, under this standard of review based upon facial challenges to the subject matter jurisdiction, the above stated allocations taken as true and thereby drawing a reasonable inference of Defendant Nguyen's reckless willful and wanton conduct by failing,

after knowledge of the impending danger of proceeding into the intersection against a red light while traffic was crossing the intersection, to exercise ordinary care to avoid it.

### B. If Only One Plaintiff Satisfies The Amount in Controversy Requirement, The District Court Has Supplemental Jurisdiction Over The Other Plaintiff

Pursuant to 28 U.S.C. § 1367, if this court finds that either of the Plaintiffs' satisfy the amount in controversy requirement, it is authorized to hear the other plaintiff who failed to satisfy the requirement under the court supplemental jurisdiction. *Oshana v. Coca-Cola Co*, 472 F.3d 506, 511 (7th Cir. 2006) ("Once one plaintiff satisfies the amount-in-controversy requirement for diversity jurisdiction, the other plaintiffs come in under the court's supplemental jurisdiction regardless of whether their individual claims satisfy the requirements of § 1332. 28 U.S.C. § 1367")

### IV. CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully requests that this Honorable Court deny Defendant's 12(b)(1) Motion to Dismiss in its entirety.

Dated this 16th day of in November, 2016

                                              Respectfully Submitted,

                                              /s/David Rimi
                                              Attorney for Plaintiffs
                                              Thu Anh Le
                                              Michelle Le

| *Lead Attorney:* | *Designated local council:* |
|---|---|
| David P. Rimi | (Colin) Kha Nguyen |
| Attorney at Law | Allied Law Council |
| 946 N. Esther Street | P.O. Box 7335 |
| Porterville, CA 93257 | Chicago, Illinois 60680 |
| (213) 928-6139 | (773) 231-7573 |
| davidrimi2@outlook.com | Cnguyen@AlliedLawCouncil.com |