UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| THU ANH LE, MICHELLE LE </br> Plaintiff(s), </br> vs. </br> DANIEL K. DIEHL, HUNG V. NGUYEN </br> Defendant(s) | No. 16 cv 5253 </br> Judge Sara Ellis |

### PLAINTIFF'S OPPOSITION TO DEFENDANT DIEHL'S
### MOTION TO ENFORCE SETTLEMENT

Plaintiffs Thu Anh Le and Michelle Le, by their attorney, David P. Rimi, in opposition to Defendant's Diehl's Motion to Enforce Settlement. The Plaintiffs request that this Court deny the order enforcing settlement, and in support thereof states as follows.

**I.     FACTS**

1. Plaintiff's incorporates by reference Attorney Rimi's affidavit. (See Exhibit A)

2. This case proceeded to a settlement conference for approximately two hours, with the Honorable Mary J. Rowland on January 10, 2018; not *several hours*, as Defendant Diehl contends.

3. The settlement conference ended prematurely because the Defendants' representatives with full and complete settlement authority to settle were not present, as required by Judge Rowland's standing order for settlement conferences under section C.

4. The last communication with Judge Rowland on January 10, 2018 at approximately 4:30pm was an offer that was believed to have been made in the amount of $65,000.

5. Defendant Diehl's contention that "[o]ver the next day, the parties, by their counsel continued to conduct settlement negotiations with Judge Rowland's assistance, and reached a resolution of the case" is completely false.

1

6. Defendant Nguyen, January 12, 2018, added additional terms of settlement of *"[we] will need proof that the chiro is paid"* that was not a part of any discussions during the settlement conference on January 10, 2018. (See Case: 1:16-cv-05253 Document #: 72-3)

## II. LEGAL STANDARD

7. A district court has the inherent or equitable power to enforce a settlement agreement in a case before it. *Wilson v. Wilson,* 46 F.3d 660, 664 (7th Cir. 1995).

8. While "there is a general policy favoring enforcement of settlement agreements," *Foster v. Nat'l City bank*, No. 05 C 6992, 2007 1655250, at *3 (N.D. Ill. June 6, 2007), and oral settlement agreements reached during court-mediated conferences are enforceable under Illinois law, see *Lynch, Inc. v. SamataMason Inc.*, F.3d 487, 490 (7th Cir. 2002), Illinois law provides that an oral settlement agreement will only be enforced if "there is clearly an offer and acceptance . . . and a meeting of the minds the terms of the agreement." *Wilson*, 46 F.3d at 666) (quoting *Brewer v. Nat'l R.R. Corp.*, 256 Ill. App. 3d 1083, 1088, 628 N.D.2d 331, 335 (1993)).

9. While the terms of the settlement agreement reached in chambers do not necessarily have to be made part of an of the record to be enforceable, *Lynch*, 279 F.3d at 490-91, the material terms of the agreement must be definite and firm, not a mere "settlement framework" or "agreement to agree." see *IMI Norgren Inc. v. D D Tooling Mfg., Inc.*, 306 F. Supp. 2d 796, 799 (N.D. Ill. 2004).

10. The enforcing court must be able to "ascertain the parties' agreement," *LoCasto v. LoCasto*, 518 F. Supp. 2d 1030, 1028 (N.D. Ill. 2007). Settlement agreements is only enforceable when the parties' conduct evinces a meeting of the minds, id., and the agreement is "so definite with respect to its material terms that the promises and performances to be rendered by each party are reasonably certain." *Pritchett v. Asbestos Claims Mgmt. Corp.*, 332 Ill. App. 3d 890, 896, 773 N.D.2d 1277, 1282 (2002).

11.     To rescind an agreement on the basis of unilateral mistake, (1) the mistake must be related to a material feature of the contract; (2) it must have occurred notwithstanding the exercise of reasonable care; (3) it must be of such grave consequence that enforcement of the contract would be unconscionable; and (4) the non-mistaken party must be able to be returned to the status quo ante. *Cameron v. Bogusz, 711 N.E.2d 1194*, 1198 (citing *Brzozowski v. Northern Trust Co.*, 618 N.E.2d 405 (Ill. App. Ct. 1993); *Wil-Fred's, Inc. v. Metropolitan Sanitary District of Greater Chicago*, 372 N.E.2d 946 (Ill. App. Ct. 1978)).

12.     "An acceptance requiring any modification or change of terms constitutes a rejection of the original offer and becomes a counteroffer that must be accepted by the original offeror before a valid contract is formed." *Ebert v. Dr. Scholl's Foot Comfort Shops, Inc.*, 137 Ill.App.3d 550, 558, 92 Ill. Dec. 323, 330, 484 N.E.2d 1178, 1185 (1985); see also *Anand v. Marple*, 167 Ill.App.3d 918, 920, 118 Ill. Dec. 826, 828, 522 N.E.2d 281, 283 (1988).

**III.   ARGUMENT**

   a. **The proposed settlement agreement is void, as the Plaintiffs' offer of $65,000 was not clear and the offer $60,000 was unilaterally communicated by mistake, either by the Plaintiffs to the magistrate judge or by the magistrate judge to the defendants.**

13.     As stated in Attorney Rimi's affidavit, Plaintiffs' attorney was under the belief that he conveyed the Plaintiffs' offer to settle in the amount of $65,000 to Judge Rowland. (See Exhibit A)

14.     While the Plaintiffs defer to the expertise of Judge Rowland with regard to staging settlement conferences, Plaintiffs' attorney conducted himself consistent with his understanding the offer of $65,000 by communication the acceptance of in that amount. (See Exhibit A and B to DPR2 Declaration No. 21.)

15.     It was not until a week later, that Plaintiffs' became aware of the mistake. (See Exhibit A)

\ \ \

16. The final amount to settle in lieu of litigation is material to the agreement; reasonable care was taken because the offer to settle in the amount of $65,000 was not taken lightly. To enforce this settlement agreement would unconscionable, as it would eliminate their right to continue their case and to not enforce the agreement would return the status quo for the defendant.

   **b. Regardless of the determination of the amount of the settlement offer, the offer expired on morning of January 11, 2018.**

17. The response to the last offer that was communicated by the Plaintiffs were that the Defendants were trying to reach their adjuster for a response. Judge Rowland confirmed that she would either either call me sometime after 6:00pm or the following morning. (See DPR2 Declaration No. 18)

18. While there were no time limits contingent on the offer, Plaintiffs contend that it was implied that the response to their offer would be immediate or shortly thereafter.

19. To allow the offer to remain open at the leisure of the defendants, would offend the notion of settlement conferences facilitating a quick and speedy resolution.

   **c. Regardless of the determination of the amount of the settlement offer, Defendant Nguyen's demand for proof of payment to the Plaintiffs' chiropractor constituted a rejection of the original offer and became a counteroffer.**

20. Defendant Nguyen's email dated January 12, 2018, which introduced the following statement, "Congratulations, Stuart is preparing a global release," seemed to be an acceptance. (see Def Diehl's MES Exhibit C)

21. However, the next statement that set out the requirement that, "[w]e will need proof that the chiro is paid," effectively rejected the plaintiffs'' original offer and became a counteroffer. (see Def Diehl's MES Exhibit C)

22. The Plaintiffs' protest of this requirement effectively became a rejection of the Defendant's counteroffer. (see Def Diehl's MES Exhibit C)

4

    **d. Plaintiffs' seeks Equitable Relief as the Defendants' contributed to the mistake by not adhering to the standing order, which mandates that individuals with full and complete settlement authority to settle be present.**

23. Plaintiffs contend that the unilateral mistake would have been avoided if the Defendants were represented by those with full and complete settlement authority to settle present at the settlement conference.

24. As an example, at the very moment the offer was communicated and accepted, the mistake would have been immediately discovered once Judge Rowland communicated the acceptance to the Plaintiffs.

25. In fact, the settlement conference should not have proceeded once it was discovered that the defendants did not have full and complete settlement authority to settle, which has lead us to this juncture in the proceedings.

### IV.    CONCLUSION

  For all the foregoing reasons, Plaintiffs respectfully requests that this Honorable Court deny Defendant's Motion to Enforce Settlement in its entirety.

Dated this 29th day of in January, 2018

                                                     Respectfully Submitted,

                                                   /s/David Rimi
                                                   Attorney for Plaintiffs
                                                   Thu Anh Le
                                                   Michelle Le

David P. Rimi, Attorney at Law
946 N. Esther Street
Porterville, CA 93257
(213) 928-6139
davidrimi2@outlook.com

*Designated local council:*
(Colin) Kha Nguyen

Allied Law Council
P.O. Box 7335
Chicago, Illinois 60680
(773) 231-7573
Cnguyen@AlliedLawCouncil.com